COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.　　　　　　　　　　　　　　SUPERIOR COURT
　　　　　　　　　　　　　　　　　　　　　DEPARTMENT OF
　　　　　　　　　　　　　　　　　　　　　THE TRIAL COURT
　　　　　　　　　　　　　　　　　　　　　C.A. #  10-3259

ELSE WATSON,　　　　　　　　　　　　)
　　　　　Plaintiff　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
AMERRICAN AIRLINES, INC. and　　　　　　)
MASSACHUSETTS PORT AUTHORITY,　　　　　)
　　　　　Defendants　　　　　　　　　　)

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1.　The plaintiff Else Watson is a natural person residing in Buena Vista, Arizona.

2.　The defendant American Airlines, Inc. is a foreign corporation organized and existing under the laws of the state of Texas, with a principal place of business at 4333 Amon Carter Blvd., Fort Worth, Texas. It is registered to do business in the Commonwealth of Massachusetts.

3.　Plaintiff's cause of action against defendant American Airlines, Inc. arises from defendant's:

(a)　transacting business in the Commonwealth of Massachusetts;

(b)　contracting to supply services or things in the Commonwealth of Massachusetts;

(c)　causing tortious injury by an act or omission in the Commonwealth of Massachusetts;

(d)　causing tortious injury in the Commonwealth of Massachusetts by an act or omission outside of the Commonwealth of Massachusetts and regularly doing and soliciting business, and engaging in other persistent courses of conduct, and deriving substantial revenue from goods used or consumed or services rendered in the Commonwealth of Massachusetts; and

2

(e)   having an interest in, using or possessing real property in the Commonwealth of Massachusetts.

4.   Defendant, Massachusetts Port Authority, (hereinafter "MassPort") is a body corporate and politic, organized and doing business in the Commonwealth of Massachusetts, with a principle place of business at 10 Park Plaza, Boston, Suffolk County, Massachusetts.

*FACTUAL ALLEGATIONS COMMON TO ALL COUNTS*

5.   On or about January 10, 2009 the defendant, American Airlines, Inc. occupied and controlled a jetway area for passengers to board flights at Logan Airport in Boston, Massachusetts.

6.   On or about January 10, 2009 the defendant Massachusetts Port Authority owned, occupied and controlled a passenger and jetway area for passengers to board flights at Logan Airport in Boston, Massachusetts.

7.   On or about January 10, 2009, both defendants American Airlines, Inc. and Massachusetts Port Authority, as the property owner and/or occupier, were responsible for maintaining the premises in a reasonably safe condition.

8.   On or about January 10, 2009, plaintiff Else Watson was scheduled to fly from Boston's Logan Airport to Dallas, Texas on American Airlines flight 1133 with a scheduled departure time of 8:55 a.m.

9.   In addition, upon arrival at the airport, plaintiff Else Watson, because of her advanced age and physical condition, was furnished with a wheelchair and transported by a MassPort agent to the boarding area.

10.   Upon arrival at the boarding area, the MassPort agent directed plaintiff Else Watson to vacate the wheelchair and did not provide or arrange for and further assistance for her to board the plane.

3

11. On or about January 10, 2009, while the plaintiff was lawfully on premises at Logan Airport in Boston, Suffolk County, Massachusetts, she was caused to fall on the jetway at the entrance to the airplane.

12. The surface area for boarding the plane was not level in violation of United States Department of Transportation rules and regulations.

13. In addition, plaintiff was not provided assistance in boarding the plane by properly trained service personnel who are knowledgeable on how to assist individuals with a disability.

## COUNT I - NEGLIGENCE
## WATSON v. AMERICAN AIRLINES

14. The injuries and damages sustained by the plaintiff Else Watson were the proximate result of the negligence of defendant American Airlines, Inc., as follows:

   a. Defendant negligently failed to maintain or repair, or adequately maintain or adequately repair said property;

   b. Defendant negligently failed to inspect or adequately inspect said property;

   c. Defendant negligently failed to keep said property in a reasonably safe condition;

   d. Defendant negligently permitted to exist and created a dangerous condition and negligently failed to correct said condition or remove the causes thereof from the premises, although defendant knew, or in the exercise of ordinary care should have known, of the presence of said defective condition;

   e. Defendant failed to warn of the presence of the dangerous condition of said premises, although defendants knew, or in the exercise of reasonable care should have know, of the presence of said condition; and

   f. Defendant negligently failed to exercise reasonable care for the safety of lawful visitors to its property, including the plaintiff.

4

15. As a result of the negligence of the defendant American Airlines, Inc., the plaintiff suffered severe and permanent personal injuries, has incurred reasonable and necessary expenses for medical treatment in excess of two thousand dollars, has been caused and will be caused to suffer a diminution in her earning capacity; and has had her ability to enjoy a happy, active and healthy life adversely affected.

## COUNT II - NEGLIGENCE
## WATSON v. MASSPORT

16. The injuries and damages sustained by the plaintiff Else Watson were the proximate result of the negligence of defendant MassPort, as follows:

   a. Defendant negligently failed to maintain or repair, or adequately maintain or adequately repair said property;

   b. Defendant negligently failed to inspect or adequately inspect said property;

   c. Defendant negligently failed to keep said property in a reasonably safe condition;

   d. Defendant negligently permitted to exist and created a dangerous condition and negligently failed to correct said condition or remove the causes thereof from the premises, although defendant knew, or in the exercise of ordinary care should have known, of the presence of said defective condition;

   e. Defendant failed to warn of the presence of the dangerous condition of said premises, although defendants knew, or in the exercise of reasonable care should have know, of the presence of said condition; and

   f. Defendant negligently failed to exercise reasonable care for the safety of lawful visitors to its property, including the plaintiff.

17. As a result of the negligence of the defendant MassPort, the plaintiff suffered severe and permanent personal injuries, has incurred reasonable and necessary expenses for medical treatment in excess of two thousand dollars, has been caused and will be caused to suffer a

5

diminution in her earning capacity; and has had her ability to enjoy a happy, active and healthy life adversely affected.

WHEREFORE, the plaintiff demands judgment against the defendants American Airlines, Inc. and MassPort, jointly and severally, in such amount as this Court may deem just and reasonable, together with interest and the costs of this action.

## JURY CLAIM

PLAINTIFF DEMANDS TRIAL BY JURY AS TO ALL CAUSES OF ACTION SET FORTH IN THIS COMPLAINT.

Plaintiff,<br>
By her attorneys,<br>
<br>
Jeffrey N. Roy<br>
RAVECH & ROY, P.C.<br>
One Exeter Plaza<br>
Boston, MA   02116<br>
(617) 303-0500<br>
BBO #548618

DATED:  August 16, 2010

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 10-3259 A | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|
| PLAINTIFF(S) Else Watson | | DEFENDANT(S) American Airlines, Inc. and Massachusetts Port Authority |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Jeffrey N. Roy, Esq., Ravech & Roy, P.C., One Exeter Plaza 699 Boylston St., Boston, MA 02116 Board of Bar Overseers number: 548618 | | ATTORNEY (If known) |

**Origin code and track designation**

Place an x in one box only:
[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B04 | Other Negligence/Personal Injury | ( F ) | ( X ) Yes    ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses .................................................. $ 51,716.79
  2. Total Doctor expenses ..................................................... $ 1,222.00
  3. Total chiropractic expenses ............................................... $
  4. Total physical therapy expenses ......................................... $
  5. Total other expenses (describe) .......................................... $ 8,710.17
     Subtotal $ 61,648.96
B. Documented lost wages and compensation to date ............................. $
C. Documented property damages to date ........................................ $
D. Reasonably anticipated future medical and hospital expenses  To be determined $
E. Reasonably anticipated lost wages .......................................... $
F. Other documented items of damages (describe)
     $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Plaintiff suffered permanent injury to her left side, elbow & shoulder.

     $
     TOTAL $ 61,648.96

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

     TOTAL $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Jeffrey N. Roy, Esquire_                DATE: 8/16/2010

AOTC-6 mlc005-11/99
A.O.S.C. 1-2000