UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                                )
ELSE WATSON,                                          )
                                                                )
                    Plaintiff,                               )
                                                                )
v.                                                              )        CIVIL ACTION NO.10-11560
                                                                )
AMERICAN AIRLINES, INC. and            )
MASSACHUSETTS PORT AUTHORITY, )
                                                                )
                    Defendants.                          )
_____)

## ANSWER OF DEFENDANT AMERICAN AIRLINES, INC.

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, defendant American Airlines, Inc. ("American") submits the following as its Answer to Plaintiff's Complaint and Demand for Jury Trial ("Complaint").

The Parties

With respect to the specific allegations of the Complaint, American hereby answers as follows:

1.        American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph one of the Complaint.

2.        American admits the allegations set forth in paragraph two of the Complaint.

3.        The allegations set forth in paragraph three of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, American admits that it has solicited business in Massachusetts on occasion and has derived some revenue

from the sale of its goods and services in Massachusetts, but denies the remaining allegations set forth in paragraph three of the Complaint.

4.      American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph four of the Complaint.

<u>FACTUAL ALLEGATIONS COMMON TO ALL COUNTS</u>

5.      The allegations set forth in paragraph five of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, American admits that on or about January 10, 2009, it used a jetway area at Logan International Airport for the purpose of allowing its passengers to board airplanes, but denies the remaining allegations set forth in paragraph five of the Complaint.

6.      The allegations set forth in paragraph six of the Complaint state claims that are not directed at American and, accordingly, no response is required.  To the extent a response is required, American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph six of the Complaint.

7.      The allegations set forth in paragraph seven of the Complaint state legal conclusions to which no response is required.  To the extent a response is required,  American is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the legal responsibilities of the Massachusetts Port Authority ("MassPort") with regard to maintaining the premises where plaintiff alleges she was injured.  American denies the remaining allegations set forth in paragraph seven of the Complaint.

8.      American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph eight of the Complaint.

9.      The allegations set forth in paragraph nine of the Complaint state claims that are not directed at American and, accordingly, no response is required.  To the extent a response is required, American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph nine of the Complaint.

10.     The allegations set forth in paragraph ten of the Complaint state claims that are not directed at American and, accordingly, no response is required.  To the extent a response is required, American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph ten of the Complaint.

11.     American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph eleven of the Complaint.

12.     The allegations set forth in paragraph twelve of the Complaint state a legal conclusion to which no response is required.  To the extent a response is required, American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph twelve of the Complaint.

13.     American is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph thirteen of the Complaint.

COUNT I – NEGLIGENCE
WATSON v. AMERICAN AIRLINES

14.     The allegation set forth in paragraph fourteen of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, American denies the allegation set forth in paragraph fourteen of the Complaint.

a.      The allegation set forth in paragraph 14(a) of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, American denies the allegations set forth in paragraph 14(a) of the Complaint.

   b.  The allegation set forth in paragraph 14(b) of the Complaint states a legal conclusion to which no response is required.   To the extent a response is required, American denies the allegations set forth in paragraph 14(b) of the Complaint.

   c.  The allegation set forth in paragraph 14(c) of the Complaint states a legal conclusion to which no response is required.   To the extent a response is required, American denies the allegations set forth in paragraph 14(c) of the Complaint.

   d.  The allegation set forth in paragraph 14(d) of the Complaint states a legal conclusion to which no response is required.   To the extent a response is required, American denies the allegations set forth in paragraph 14(d) of the Complaint.

   e.  The allegation set forth in paragraph 14(e) of the Complaint states a legal conclusion to which no response is required.   To the extent a response is required, American denies the allegations set forth in paragraph 14(e) of the Complaint.

   f.  The allegation set forth in paragraph 14(f) of the Complaint states a legal conclusion to which no response is required.   To the extent a response is required, American denies the allegations set forth in paragraph 14(f) of the Complaint.

15.  The allegations set forth in paragraph fifteen of the Complaint state legal conclusions to which no response is required.   To the extent a response is required, American denies that it was negligent, and further denies that its negligence, if any, proximately caused injury, loss, or damage to the plaintiff.   American is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph fifteen of the Complaint.

## COUNT II – NEGLIGENCE
## WATSON v. MASSPORT

16. – 17.     Count II of the Complaint states a claim that is not directed at American and, accordingly, no response is required.  To the extent a response is required, American realleges and reaffirms paragraphs one through fifteen of this Answer as if specifically set forth herein in response to Count II.  American is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Count II of the Complaint.

## **AFFIRMATIVE DEFENSES**

### First Affirmative Defense

Plaintiff fails, in while or in part, to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's losses or harm, if any, were caused by someone or something for whom or for which American is not legally responsible and, accordingly, the Complaint must be dismissed.

### Third Affirmative Defense

The claim asserted against American is barred by the plaintiff's contributory negligence, or alternatively, to the extent that she was comparatively negligent, any award must be reduced accordingly, pursuant to M.G.L. ch. 231, § 85.

### Fourth Affirmative Defense

Plaintiff's claim against American is barred for failure to mitigate damages, or alternatively, plaintiff's damages are limited to the extent that she failed to mitigate her damages.

### Fifth Affirmative Defense

American did not proximately cause any loss, harm, or damage to the plaintiff.

<u>Sixth Affirmative Defense</u>

American reserves the right to offer additional defenses that cannot now be articulated due to the plaintiff's failure to particularize her claims.  Upon further particularization of the plaintiff's claims, or upon further discovery, American reserves the right to amend its Answer and assert additional defenses as appropriate.

## **JURY DEMAND**

American Airlines, Inc. claims a trial by jury on all claims and defenses to which it is entitled under the law.

> Respectfully submitted,
>
> AMERICAN AIRLINES, INC.
> By its Attorneys,
>
> */s/* Edward P. O'Leary_____
> Michael A. Fitzhugh, BBO #169700
> mfitzhugh@fitzhughlaw.com
> Edward P. O'Leary, BBO #551932
> eoleary@fitzhughlaw.com
> **FITZHUGH & MARIANI LLP**
> 155 Federal Street
> Boston, MA  02110
> (617) 695-2330

Dated: September 14, 2010

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of September, 2010, I electronically filed through the ECF system this *Answer* and served it upon all counsel of record, as listed below, by first-class mail, postage prepaid:

Jeffrey N. Roy, Esq.          Director of Risk Management
RAVECH & ROY, P.C.          Massachusetts Port Authority
One Exeter Plaza          10 Park Plaza
Boston, MA 02116          Boston, MA  02116

> */s/* Edward P. O'Leary_____
> Edward P. O'Leary